# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MINNESOTA

| | |
|---|---|
| KIKI COURTELIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 21-cv-01804 |
| | ) |
| BRENDA SCHAEFFER, | ) |
| | ) |
| | ) |
| | ) |
| Respondent. | ) |
| | ) |

## PETITION TO COMPEL COMPLIANCE WITH ARBITRATOR'S SUBPOENA

Petitioner, Kiki Courtelis, by and through her attorneys, and for her Petition to Compel Compliance with Arbitrator's Subpoena alleges as follows:

### PARTIES

1. Petitioner, Kiki Courtelis ("Ms. Courtelis") is a citizen and resident of the state of Kentucky.

2. Upon information and belief, Respondent, Dr. Brenda Schaeffer ("Dr. Schaeffer") is a citizen and resident of the state of Minnesota.

### JURISDICTION AND VENUE

3. Ms. Courtelis seeks an order from this Court under the Federal Arbitration Act, 9 U.S.C. § 7, compelling the attendance of Dr. Brenda Schaeffer before an arbitrator sitting in this district.

1

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.      Venue is proper in this judicial district pursuant to 9 U.S.C. § 7 because the hearing took place before an arbitrator sitting in this district.

**FACTS**

6.      This proceeding arises from an arbitration between Petitioner, Ms. Courtelis on the one hand and Global Love Mergers, Inc. d/b/a Kailen's Love and Life Architects ("Global") on the other, styled Kiki Courtelis v. Global Love Mergers, Inc. d/b/a Kailen's Love and Life Architects, AAA Case No. 01-20-0004-9730.

7.      In the Arbitration, Ms. Courtelis alleges, in part, that she was fraudulently induced to enter into a contract with Global in which Global was to provide matchmaking services to Ms. Courtelis.  In part, this fraud included misrepresentations about Kailen Rosenberg ("Ms. Rosenberg"), the founder and owner of Global and one of its matchmakers', experience, education, training, and success as a matchmaker.

8.      On July 22, 2021, the last day of the hearing before the arbitrator, Global produced new evidence not previously produced to Ms. Courtelis.  This evidence included a certificate issued to Ms. Rosenberg by Dr. Brenda Schaeffer and the Healthy Relationships Inc. certifying that Ms. Rosenberg was a "Certified Master Life, Love and Relationships Coach and Paraprofessional" and a course syllabus from a class Dr. Schaeffer taught at University of St. Thomas entitled "The Relationship Training Experience: Healthy and Unhealthy Symbiosis/Dependency."

9. Ms. Courtelis previously requested information such as this in her discovery requests. However, Global objected to this request, failed to produce any responsive documents , and failed to supplement its responses prior to the hearing.

10. Upon information and belief, Ms. Courtelis has reason to question the authenticity and integrity of the document produced.

11. Ms. Courtelis, accordingly, requested a subpoena duces tecum from the arbitrator to compel Dr. Schaeffer to produce certain limited documents pertaining to "all certificates and other like documents issued to Ms. Rosenberg by her or an affiliated program, any ethical guidance or parameters provided or recommends to Ms. Rosenberg, and all communications including but not limited to texts and e-mails between [Dr. Schaeffer] and Ms. Rosenberg about Ms. Rosenberg's course attendance, course work, clinical hours and course completion," and compel her attendance at a hearing to testify and give evidence.

12. Upon information and belief, Dr. Schaeffer possess key rebuttal testimony bearing on Ms. Courtelis' claims and the credibility of Ms. Rosenberg's testimony.

13. On July 29, 2021, the arbitrator issued the subpoena duces tecum, perfectible via e-mail. (*See* Exhibit 1 Subpoena Duces Tecum for Dr. Brenda Schaeffer).

14. Pursuant to the subpoena, Dr. Schaeffer had until August 4, 2021 to produce the limited documentation requested. The subpoena also required Dr. Schaeffer's attendance at a hearing before the arbitrator on August 11, 2021.

15. Counsel for Ms. Courtelis served the subpoena on Dr. Schaeffer and her attorney via e-mail on July 30, 2021. (*See* Exhibit 2 Email Correspondence Regarding Service of Subpoena).

16. Dr. Schaeffer has refused to comply with the request to produce documents pursuant to the subpoena. Moreover, she has indicated that she does not intend to comply with the subpoena.

## COUNT ONE
**(Compel the Attendance of Brenda Schaeffer Under the Federal Arbitration Act)**

17. Ms. Courtelis repeats and realleges Paragraphs 1 through 16 and incorporates them herein as if set forth in full.

18. A subpoena duces tecum, perfectible via e-mail, was issued by the arbitrator, Hon. Kathleen Blatz, on July 29, 2021. (*See* Exhibit 1).

19. The subpoena compelled Dr. Schaeffer to produce certain limited documents pertaining to "all certificates and other like documents issued to Ms. Rosenberg by her or an affiliated program, any ethical guidance or parameters provided or recommends to Ms. Rosenberg, and all communications including but not limited to texts and e-mails between [Dr. Schaeffer] and Ms. Rosenberg about Ms. Rosenberg's course attendance, course work, clinical hours and course completion," by August 4, 2021. (*Id.*)

20. Dr. Schaeffer failed to produce the requested documents by the stated date.

21. The subpoena also orders that Dr. Schaeffer be available to appear before the arbitrator on August 11 to give testimony and evidence. (*Id.*)

4

22.     Dr. Schaeffer has indicated that she does not intend to comply with the subpoena upon advice of counsel.

23.     Pursuant to the Federal Arbitration Act, 9 U.S.C. § 7, an arbitrator is permitted to summon any person to attend before them and to bring with her "any book, record, document, or paper which may be deemed material as evidence in the case."

24.     Moreover, 9 U.S.C. § 7 also provides that the United States District Court in the district in which the arbitrator is sitting may compel the attendance of such person or punish them for contempt if the subpoenaed individual refuses or neglects to obey the summons.

25.     By reason of the foregoing, the court should issue an order compelling compliance with the arbitration subpoena.

**WHEREFORE,** Petitioner respectfully requests that this Court:

1.      Issue an order pursuant to 9 U.S.C. § 7 compelling compliance with the arbitration subpoena dated July 29, 2021.

2.      Grant such other and further relief as may be appropriate.

DATED: August 9, 2021

                                Respectfully submitted,

                                *s/ Christopher D. Pham*
                                Christopher D. Pham (#0390165)
                                Christian V. Hokans (#0400377)
                                **FREDRIKSON & BYRON, P.A.**
                                200 South Sixth Street, Suite 4000
                                Minneapolis, MN 55402-1425
                                (612) 492-7000
                                cpham@fredlaw.com
                                chokans@fredlaw.com

**OF COUNSEL:**

J. Kent Wicker (*pro hac vice pending*)
Dressman Benzinger LaVelle psc
321 West Main Street, Suite 2100
Louisville, KY 40202
(502) 572-2500
kwicker@dbllaw.com

***Attorneys for Petitioner Kiki Courtelis***